OLDE TOWNE WINDOWS, Appellant,

v.

BAKER, d.b.a. Custom Window Company, Appellee.

[Cite as *Olde Towne Windows v. Baker* (1994), 96 Ohio App.3d 204.]

Court of Appeals of Ohio,
Huron County.

No. H–93–64.

Decided July 22, 1994.

*Dan McGookey,* for appellant.
*Robert Kelsey,* for appellee.

*Per Curiam.*

This is an accelerated appeal from a judgment issued by the Huron County Court of Common Pleas in a civil case which involved allegations of deceptive trade practices. Because we find that appellant, who was the plaintiff in the trial court, failed to present facts which would establish an intent on the part of the appellee to deceive the public or unfairly compete pursuant to the requirements of R.C. 4165.02, we affirm the judgment of the trial court.

Appellant, Olde Towne Windows, and appellee, Michael Baker, d.b.a. Custom Window Company, both sell custom-measured, vinyl replacement windows. Ap-

pellee buys his windows essentially pre-made from Vynex, a Pennsylvania company. Appellee's facilities consist of a storefront, basement, and rented garage. Appellee also maintains adjacent workshops, where some adjustments and assembly can be made on the windows.

Appellee advertised its products in a written ad that included the words, "buy factory direct." Appellant, in its complaint for injunctive relief, claims that, because "factory direct" means the seller must also be the "manufacturer," appellee misled the public, in violation of R.C. Chapter 4165, Ohio's Deceptive Trade Practices Act.

We disagree. R.C. 4165.02 is generally applied, in the advertising context, where a defendant tries to "pass off" his product as another's. See *Lozier v. Kline* (1973), 40 Ohio App.2d 277, 282–283, 69 O.O.2d 261, 264–265, 319 N.E.2d 204, 208–209 Consumer confusion may result when a defendant uses a trade name or phrase which has developed a "secondary meaning" associated specifically with a certain brand or business. *Visiting Nurse Soc. v. All–Ohio Home Health Care* (Dec. 12, 1983), Stark App. No. CA 6157, unreported, 1983 WL 5653. However, generic words commonly used to describe business activities are regarded as common property, as long as the usage does not mislead persons possessing ordinary powers of perception. *Id.*

In this case, nothing in the record indicates that appellee's use of "factory direct" in his advertisement is likely to mislead consumers into buying inferior products at false savings. R.C. 4165.02 provides no protection for a consumer who merely fails to comparison shop the price and quality of products purchased. Appellant's arguments regarding warranties and overhead costs do not establish any intent by appellee to deceive the public or unfairly compete and are simply not relevant to the facts of this case.

Last, after thoroughly reviewing the record, we agree with the trial court that the commonly used phrase "buy factory direct" could include appellee's business activities as a "manufacturer." Although appellee's windows are ordered from an out-of-state factory, the manufacturing process utilizes machinery owned by appellee or appellee's company and installation requires some aspects of assembly. Accordingly, appellant's assignment of error is not well taken.

The judgment of the Huron County Court of Common Pleas is affirmed. Court costs are assessed to appellant.

*Judgment affirmed.*

HANDWORK, MELVIN L. RESNICK and SHERCK, JJ., concur.